IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**BRANDI SNEAD**

    **Plaintiff,**

**v.**      **No.:** _____

**UNIVERSITY MEDICAL CENTER**

     **JURY DEMAND**

    **Defendant.**

## COMPLAINT

THE PLAINTIFF, Brandi Snead, files this Complaint against Defendant University Medical Center. She shows:

### I.
### PRELIMINARY STATEMENT

1. This case is brought under the Tennessee Public Protection Act, the Tennessee Human Rights Act, and the common law of the state of Tennessee.

### II.
### PARTIES, JURISDICTION, AND VENUE

3. The Plaintiff is Brandi Snead, a resident of Mt. Juliet, Lebanon, Tennessee.

4. The Defendant is University Medical Center (hereinafter "Defendant"), an entity doing business in this judicial district.

5. This Court has diversity of citizenship jurisdiction over claims brought pursuant to the Tennessee Public Protection Act, the Tennessee Human Rights Act, and the common law

of the state of Tennessee.

6. Venue and personal jurisdiction are proper because the Defendant does business in This judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## III.
## FACTUAL BASES FOR SUIT

7. Plaintiff is a former employee of Defendant. She is gay.

8. Defendant promises prospective employees that it maintains a workplace that is free of discrimination, including discrimination based on sexual orientation.

9. Defendant's has a written policy that states:

> **E. EQUAL OPPORTUNITY EMPLOYMENT**
> **E1. Equal Employment Opportunity Statement**
> The Health System provides equal employment opportunities to all employees and applicants for employment without regard to race, color, religion, national origin, age, disability, veteran status, sex (including pregnancy), citizenship, sexual orientation, gender identity or any other protected category in accordance with applicable federal, state and local laws. This policy applies to all terms and conditions of employment, including, but not limited to, hiring, placement, promotion, termination, layoff, recall, transfer, leaves of absence, compensation and training, and applies to every location in which the Health System conducts business.

10. Because of her sexual orientation, Plaintiff investigated Defendant's policies before seeking and accepting employment. She was aware that Defendant promised its prospective employees that it would not discriminate on the basis of sexual orientation.

11. Plaintiff sought employment with Defendant. In reliance upon Defendant's representations regarding non-discrimination, Plaintiff accepted a position with Defendant over another potential employer.

12. Plaintiff began working for Defendant on or about February 9, 2011. Plaintiff's

supervisor was Connie Mann, business office manager.

13. On March 24, 2011, Plaintiff left for a cruise with her partner. Plaintiff had informed Defendant of this scheduled vacation at the time Plaintiff applied for and was offered employment, and Defendant had approved of this time off at the time of Plaintiff's hire.

14. While Plaintiff was on her cruise, Mann became aware that Plaintiff was on a cruise with a female.

15. Upon learning of this information, Mann, being devotedly religious, verbally expressed that she did not want a gay person working for Defendant.

16. At that point, Mann developed a discriminatory animus against Plaintiff for not holding the same religious beliefs as Mann.

17. Upon Plaintiff's return from her cruise, on April 6, 2011, Mann began to shun Plaintiff, ostracize Plaintiff, and give Plaintiff the "cold shoulder." Mann began to criticize Plaintiff's job performance, where Mann had praised Plaintiff's job performance prior to Mann discovering Plaintiff's sexual orientation.

18. Shortly thereafter, Plaintiff had to be hospitalized in Defendant's facility.

19. On May 26, 2011, an employee of Defendant violated Plaintiff's privacy rights under HIPPA. This employee illegally reviewed and disseminated Plaintiff's confidential medical information among Plaintiff's co-workers and the employees whom she supervised.

20. On June 29, 2011, Plaintiff reported the illegal activity of reviewing and disseminating Plaintiff's private medical information. She made the report to Defendant's compliance officer, Andrea Oliver.

21. Upon information and belief, other co-workers of Plaintiff also reported this illegal activity

to Defendant.

22. Less than one month later -- on July 26 – Defendant informed Plaintiff of a severe demotion that constituted a constructive discharge. Defendant informed Plaintiff that she was being moved to a less desirable position. Defendant further informed Plaintiff that she was being moved from the day shift to the less desirable evening shift. Defendant further informed Plaintiff that her pay was being drastically reduced – by more than half. Defendant further informed Plaintiff that she would be supervised by the very employee who wrongfully and illegally accessed her confidential health information and violated her federally-protected privacy rights.

23. This conduct produced the result desired by Defendant. Plaintiff did not accept this purposefully retaliatory demotion, thereby causing a constructive discharge.

24. Defendant's retaliatory conduct was motivated Plaintiff's report of illegal activity, Plaintiff's failure to hold to specific religious beliefs regarding sexual orientation, and/or in violation of its promise to prospective employees to refrain from discrimination based on sexual orientation.

25. As a result of the actions of Defendant, Plaintiff has suffered financial and emotional hardship.

## IV.
## CAUSES OF ACTION

26. The foregoing facts are incorporated.

27. Plaintiff demands a jury.

28. Plaintiff brings the following causes of action against Defendant

    a. Violation of the Tennessee Public Protection Act;.

    b. Common law whistleblower (retaliatory discharge);

c. Promissory estopple; and

d. Discrimination for failing to hold a certain religious belief, in violation of the Tennessee Human Rights Act

29. Plaintiff seeks all damages in law and equity, including lost wages, lost earning capacity, emotional distress, pain and suffering, punitive damages, and humiliation and embarrassment. She also seeks attorney's fees and costs. She also seeks prejudgment and post-judgment interest.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendants Answer this Complaint, that Plaintiff be awarded all monetary and compensatory damages available, any other equitable relief, permanent injunctive relief, punitive damages, attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which they may be entitled.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

/s/ Michael L. Russell_____
MICHAEL L. RUSSELL (20268)
Chesapeake Business Centre
1616 Westgate Circle, Suite 228
Brentwood, Tennessee 37027
Telephone: 615-467-6372
mrussell@gilbertfirm.com

JONATHAN L. BOBBITT (23515)
101 North Highland Avenue
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com

ORTALE, KELLEY, HERBERT & CRAWFORD

/s/ Julie Bhattacharya Peak
Julie Bhattacharya Peak (#20644)
200 Fourth Avenue North
Third Floor – Noel Place
P. O. Box 198985
Nashville, TN 37219
(615) 256-9999

*ATTORNEYS FOR PLAINTIFF*

## COST BOND

We stand as sureties for costs which may be incurred in this action in an amount not to exceed $1,000.00.

**GILBERT RUSSELL McWHERTER PLC**

/s/ Michael L. Russell
Michael L. Russell